# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 7, 2009

No. 09-10053
Summary Calendar

Charles R. Fulbruge III
Clerk

THE ESTATE OF TRENA HOOKER-MURRAY; SJERMON HOOKER,

Plaintiffs-Appellants

v.

DALLAS COUNTY; DALLAS COUNTY SHERIFF'S DEPARTMENT; LUPE VALDEZ,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas

Lower Docket Number 3:07-CV-867

Before. JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

In May 2007, Plaintiffs-Appellants sued Dallas County, its Sheriff's Department, and its Sheriff following the death of decedent Trena Hooker-Murray in Parkland Hospital where she had been an inpatient from May 23, 2005 until her death on June 5, her hospital stay of approximately two weeks having followed an incarceration of five or six days in the Dallas County Jail.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plaintiffs-Appellants asserted claims under 42 U.S.C. §1983, the Americans With Disabilities Act, and the Rehabilitation Act. Approximately a year and a half after suit was filed, the district court granted summary judgment that Plaintiffs-Appellants take nothing, and this appeal followed.

On appeal, Plaintiffs-Appellants contend that they presented genuine issues of material fact sufficient to preclude a determination at the summary judgment stage that none of the defendants nor any of their agents were deliberately indifferent to the serious medical needs of the decedent while she was in jail. Our review of the record on appeal and the applicable law as presented in the briefs of the parties and the Order of the district court convince us that summary judgment dismissing the claims of Plaintiffs-Appellants was providently granted for the extensive reasons cogently presented by the district court in its Order of December 19, 2008. Accordingly, the court's Final Judgment of that date is, in all respects,
AFFIRMED.